UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANGELA M. CONNER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. |
| ) | |
| PROFESSIONAL MEDICAL ) | |
| BILLING, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff allege against Defendant that:

1. Plaintiff Angela M. Conner worked for Defendant Professional Medical Billing, Inc. from February 18, 2019 to the present day (even though Defendant stated to her that she may not have a job to come back to). Plaintiff worked in the billing department and made approximately $17.00 per hour and worked approximately forty (40) hours per week. Plaintiff worked at Defendant's location at 7619 West Jefferson Blvd. Fort Wayne, Indiana 46804.

2. Defendant Professional Medical Billing, Inc., is a Domestic For-Profit Corporation authorized to do business in the state of Indiana and does so at 7619 West Jefferson Blvd., Fort Wayne, Indiana 46804. Its Registered Agent is Linda Pearce, 7619 West Jefferson Blvd., Fort Wayne, Indiana 46804. It employs more than 100 employees each week of the current and proceeding calendar years. It is an "employer" for the purposes of the Family Medical Leave Act of 1993, 23 U.S.C § 2601 as amended by the Families First Coronavirus Response Act ("FFCRA").

3. Plaintiff is a single parent and has a seven (7) year old daughter who is in the first grade and who has been diagnosed as having serious behavioral issues including ADHD, anxiety

1

disorder, impulsive behavior, and sleep disturbances. As a result of the Coronavirus/COVID-19 pandemic, the daughter's school closed and her daycare (Pine Hills Learning Place) also closed. As a result, Plaintiff was forced to stay home with her child.

4. Around April 10, 2020, Plaintiff advised Defendant that she needed leave under the FMLA/FFCRA, as she needed time off work and to stay at home because of the closings of her child's school and daycare, and to attend to the serious health conditions of her minor child.

5. Plaintiff was told by Defendant that she did not qualify for either FMLA leave nor did she qualify for paid medical leave under the FFCRA. Defendant told Plaintiff that if she was granted any leave it would be unpaid FMLA leave.

6. When Plaintiff was discussing with Defendant whether she qualified for leave under the FMLA, Defendant's President, Linda Pearce, suddenly brought to Plaintiff's attention that there were some "issues" with her performance at work, as if to coerce Plaintiff into quitting. The President intimated that plaintiff could not do her job and that plaintiff would have to resign. Ultimately, Plaintiff was forced to take the unpaid FMLA leave.

7. After Plaintiff submitted her request for FMLA leave, the Defendant, on April 14, 2020, told Plaintiff she needed to explain why she could not "telework" from home as a condition to getting FMLA leave. The Defendant told Plaintiff on April 14, 2020 that Professional Medical Billing, Inc., ("PMB") was exempt from paid leave and required that plaintiff pay PMB $70.90 every two weeks to cover her portion of the medical insurance. PMB also told Plaintiff that PMB would not hold Plaintiff's job or guarantee that her job would be available when she requested to return to work, a requirement under the FMLA.

8. Defendant denied Plaintiff FMLA leave stating that Plaintiff was off work due to

2

personal reasons, and suggested that Plaintiff resign and reapply when she was able to work. However, Plaintiff was entitled to unpaid leave under the FMLA, which she needed because of her daughter's serious health conditions and because of her daughter's school closing and the daycare closing. Defendant denied Plaintiff the substantive benefits under the FMLA, interfered with Plaintiff's job because she attempted to take FMLA leave, and retaliated against the Plaintiff by telling her that she needed to resign and that there was no guarantee that her job would be held for her after she took leave. Defendant acted intentionally and in reckless disregard of Plaintiff's rights under the FMLA/FFCRA.

9. On April 14, 2020, Plaintiff told the President of PMB, Linda Pearce, that she felt she was being punished for having requested FMLA leave. Defendant failed to provide Plaintiff the necessary FMLA certification paperwork and failed to initiate the FMLA leave process when the Plaintiff explained the reasons why she needed medical leave and that she needed to be off work because of those reasons.

10. Nevertheless, on April 16, 2020, Plaintiff told Linda Pearce that she needed leave to begin Monday April 20, 2020, and that PMB would review her need for leave every thirty (30) days, and she told Ms. Pearce that she would give one week's advance return notice. On April 16, 2020 Linda Pearce told Plaintiff that her unpaid leave of absence had been granted (not under the FMLA) but that her job would not be held during her leave of absence. Linda Pearce also threatened Plaintiff with the termination of her employment if – when she was ready to return there was no qualified open position.

11. Plaintiff did qualify for paid leave under the FMLA/FFCRA. Plaintiff did not provide healthcare and performed billing operations. Plaintiff could not work from home because

3

she could not take patient/healthcare provider information home for fear of violating HIPAA, but more importantly, Plaintiff could not work from home because she could not watch her child who was at home because of closing of the child's school and daycare, and her child has serious health conditions/behavioral conditions which did not and would not allow Plaintiff to both work and watch her child at home. Plaintiff relayed this information to Linda Pearce who continued to deny Plaintiff paid leave under the FFCRA, and deny Plaintiff FMLA leave under the FMLA.

12. Plaintiff seeks damages under the FMLA/FFCRA. Plaintiff has been denied paid leave even though she was required to stay at home as a result of the Coronavirus/COVID-19 pandemic, and because of the closings of her daughter's school and daycare, and because Plaintiff could not work from home as she needed to closely monitor her daughter because of her serious health conditions and her serious behavioral issues.

13. Plaintiff seeks declaratory and injunctive relief – she seeks an order from the Court requiring the Defendant to provide her paid leave under the FMLA/FFCRA, requiring that Defendant allow her to fill out FMLA paperwork, and requiring that Defendant provide Defendant with FMLA leave, including the substantive benefits allowed under the FMLA (allowing Plaintiff to return to work at the job she had prior to taking leave under FMLA), and prohibiting Defendant from interfering with Plaintiff's job and retaliating against the Plaintiff because she requested leave under the FMLA/FFRCA.

WHEREFORE, Plaintiff, prays for judgment against the Defendant, for injunctive/declaratory relief as set forth above and damages, for attorney's fees and costs of the action, and any and all other relief available under the FMLA/FFCRA.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

I, Angela M. Conner, swear and affirm that the above factual allegations are true and accurate and that I am personally competent to testify about these matters and that I have personal knowledge of these matters.

*Angela M. Conner*
Angela M. Conner

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:  (260) 424-0600
Facsimile:  (260) 424-0712
Email: cmyers@myers-law.com;